Steven M. Sepassi (SBN 177855)
LAW OFFICES OF STEVEN M. SEPASSI
15760 Ventura Blvd., Suite 1010
Encino, CA 91436-3020
Tel: (818) 887-2000
Fax: (818) 783-7396
E-mail: Mail@SepassiLaw.com

Attorney for Defendant,
NOJAN HOLDINGS, LP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. LA 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California Corporation, | Chapter 11 |
| Debtor. | Adversary No. 10-02491-BR |
| BRADLEY D. SHARP, as Chapter 11 Trustee of Namco Capital Group, Inc., | **DEFENDANT'S ANSWER TO THE COMPLAINT OF BRADLEY D. SHARP, AS CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC.** |
| Plaintiff, | Status Conference: |
| vs. | Date: October 5, 2010 |
| JOHN SHAEYFAR, an individual; and BEHNAZ RAZI SHAYEFAR, an individual, | Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple St. |
| Defendants. | Los Angeles, CA 90012 |

NOJAN HOLDINGS, LP, a Delaware limited partnership (the "Defendant"), as assignee of the interests of JOHN SHAYEFAR and BEHNAZ RAZI SHAYEFAR hereby answers the Complaint of Plaintiff in this action as follows:

1. Answering paragraph 1, Defendant is without sufficient information or belief to admit or deny the allegations of this paragraph of the Complaint as to Plaintiff's intentions, and therefore denies them, except that Defendant admits the Assignment was recorded in the Official Records of the County of Los Angeles, California on or about December 3, 2002, as instrument number 02-2930463.

-1-

2. Answering paragraph 2, Defendant admits the allegations of this paragraph of the Complaint.

3. Answering paragraph 3, Defendant admits the allegations of this paragraph of the Complaint.

4. Answering paragraph 4, Defendant admits the allegations of this paragraph of the Complaint.

5. Answering paragraph 5, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

6. Answering paragraph 6, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

7. Answering paragraph 7, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

8. Answering paragraph 8, Defendant admits the allegations of this paragraph of the Complaint.

9. Answering paragraph 9, Defendant admits the allegations of this paragraph of the Complaint, except that the proper party in interest as Defendant is NOJAN HOLDINGS, LP, a Delaware limited partnership, as assignee of the interests of JOHN SHAYEFAR and BEHNAZ RAZI SHAYEFAR.

10. Answering paragraph 10, Defendant, based on information and belief denies the allegations of this paragraph of the Complaint, in so far as the funds placed with Namco by Defendant's assignors were not loans, but investments.

11. Answering paragraph 11, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

12. Answering paragraph 12, Defendant, based on information and belief admits that its assignors filed the proof of claim as indicated in this paragraph of the Complaint.

13. Answering paragraph 13, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

14. Answering paragraph 14, Defendant is without sufficient information or belief to admit or deny the allegations of this paragraph of the Complaint, and therefore denies them.

15. Answering paragraph 15, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

1 | 16. Answering paragraph 16, Defendant denies the allegations of this paragraph.

2 | 17. Answering paragraph 17, Defendant denies the allegations of this paragraph.

3 | 18. Answering paragraph 18, Defendant is without sufficient information or belief to admit or deny the allegations of this paragraph of the Complaint, and therefore denies them, except that Defendant's assignors believed their agreement with Namco was for Namco to service the LAX, LLC loan.

19. Answering paragraph 19, Defendant is without sufficient information or belief to admit or deny the allegations of this paragraph of the Complaint, and therefore denies them.

20. Answering paragraph 20, Defendant denies the allegations of this paragraph.

21. Answering paragraph 21, Defendant admits the allegations of this paragraph of the Complaint based on Namco's failure to perform its regulatory duties re reporting. Defendant also states that an accounting of the unpaid principal balance was not necessary, because it did not change.

22. Answering paragraph 22, Defendant admits the allegations of this paragraph of the Complaint based on Namco's failure to perform its regulatory duties re reporting. Defendant also states that an accounting of the unpaid principal balance was not necessary, because it did not change.

23. Answering paragraph 23, Defendant admits the allegations of this paragraph of the Complaint based on Namco's failure to perform its regulatory and licensing duties re reporting.

24. Answering paragraph 24, Defendant admits the allegations of this paragraph of the Complaint based on Namco's failure to perform its regulatory and licensing duties re reporting.

25. Answering paragraph 25, Defendant repeats, re-alleges, and incorporates by reference herein the allegations of paragraphs 1 through 24 above, as though fully set forth herein.

26. Answering paragraph 26, Defendant denies the allegations of this paragraph.

27. Answering paragraph 27, Defendant admits the allegations of this paragraph.

28. Answering paragraph 28, Defendant admits the allegations of this paragraph.

29. Answering paragraph 29, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

\\

1     30.    Answering paragraph 30, Defendant, based on information and belief admits the allegations of this paragraph of the Complaint.

    31.    Answering paragraph 31, Defendant repeats, re-alleges, and incorporates by reference herein the allegations of paragraphs 1 through 30 above, as though fully set forth herein.

    32.    Answering paragraph 18, Defendant is without sufficient information or belief to admit or deny the allegations of this paragraph of the Complaint, and therefore denies them, except Defendant admits that a written demand has been made for the return of the property.

    33.    Answering paragraph 33, Defendant denies the allegations of this paragraph.

    34.    Answering paragraph 34, Defendant repeats, re-alleges, and incorporates by reference herein the allegations of paragraphs 1 through 33 above, as though fully set forth herein.

    35.    Answering paragraph 35, Defendant, based on information and belief admits that its assignors filed the proof of claim as indicated in this paragraph of the Complaint, and based on information and belief admits that Plaintiff objects to the proof of claim.

    36.    Answering paragraph 36, Defendant denies the allegations of this paragraph.

    37.    Answering paragraph 37, Defendant denies the allegations of this paragraph.

    38.    Answering paragraph 38, Defendant repeats, re-alleges, and incorporates by reference herein the allegations of paragraphs 1 through 37 above, as though fully set forth herein.

    39.    Answering paragraph 39, Defendant denies the allegations of this paragraph. Pursuant to Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, Defendant seeks recovery of its attorney's fees and costs.

    40.    Answering paragraph 40, Defendant denies the allegations of this paragraph. Defendant seeks its attorney's fees and costs pursuant to the terms of the instruments between the parties, as well as the Court's inherent powers, and applicable state and federal law.

    41.    Answering paragraph 41, Defendant denies the allegations of this paragraph.

\\

\\

## FIRST AFFIRMATIVE DEFENSE

For a first, separate and affirmative defense, the Complaint fails to state facts sufficient to constitute any cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

For a second, separate and affirmative defense, the Plaintiff's claims as set forth in the Complaint, and each of them, are barred by the Statute of Limitations applicable thereto.

## THIRD AFFIRMATIVE DEFENSE

For a third, separate and affirmative defense, Plaintiff failed to make its claim in a timely fashion and is therefore barred by laches against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

For a fourth, separate and affirmative defense, this answering Defendant is informed and believes and thereon alleges that any damages, if any, suffered by the plaintiff are the legal proximate consequence of acts of other parties, entities and/or corporations and any liability, if any, of this answering Defendant is limited in direct proportion to any fault actually attributed to it.

## FIFTH AFFIRMATIVE DEFENSE

For a fifth, separate and affirmative defense, this answering Defendant alleges that it has complied with any and all obligations, conditions and/or duties arising out of the facts alleged in the Complaint, and is therefore not liable to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

For a sixth, separate and affirmative defense, this answering Defendant is informed and believes and upon such information and belief alleges that the acts alleged in the Complaint herein did not proximately cause

any damages to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

For a seventh, separate and affirmative defense, this answering Defendant alleges that Plaintiff should not recover anything here, because of Plaintiff's and/or his predecessors' unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

For an eighth, separate and affirmative defense, this answering Defendant alleges that Plaintiff should not recover anything here, because of Plaintiff's and/or his predecessors' failure to perform their obligations pursuant to the agreement with Defendant's assignors.

### NINTH AFFIRMATIVE DEFENSE

For a ninth, separate and affirmative defense, this answering Defendant alleges on information and belief that its assignors in good faith expected Namco, a real estate licensee, to service the LAX, LLC loan for them, and therefore did not need to retain possession of the original Note, or to file a UCC-1. Therefore, Defendant asserts that it has a perfected interest in the Note and Deed of Trust that are the subject of the Complaint.

\\

\\

\\

\\

**WHEREFOR,** this answering Defendant prays that:

a) Plaintiff take nothing from this Defendant (or its assignors) by way of this Complaint;

b) That the lien belonging to Defendant is a duly perfected lien, and that it should not be avoided,

c) That in the unlikely event the Court finds the lien unperfected, that the proof of claim be deemed proper as a general claim against the estate,

d) For costs of defense herein, including reasonable attorney's fees; and

e) Any other relief or remedy deemed adequate and proper by the court.

Dated: September 11, 2010						Respectfully submitted,
								LAW OFFICES OF STEVEN M. SEPASSI

								By ___/s/ Steven M. Sepassi_____
								     Steven M. Sepassi, APC
								     Attorney for Defendant, NOJAN
								     HOLDINGS, LP

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15760 Ventura Blvd., Suite 1010, Encino, CA 91436-3020

A true and correct copy of the foregoing document described as DEFENDANT'S ANSWER TO THE COMPLAINT OF BRADLEY D. SHARP, AS CHAPTER 11 TRUSTEE OF NAMCO CAPITAL GROUP, INC. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 11, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**David M. Poitras, Esq.**
**dpoitras@jmbm.com**

**United States Trustee**
**Ustpregion16.la.ecf@usdoj.gov**                     ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On September 11, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell                                  David M. Poitras, Esq.
U.S. Bankruptcy Court                               Jeffer Mangels Butler & Marmaro LLP
Roybal Federal Bldg.                                1900 Ave. of the Stars, 7th Floor
255 E. Temple Street, Suite 1660                    Los Angeles, CA 90067
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/11/10 | Steven M. Sepassi | */s/ Steven M. Sepassi* |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                       **F 9013-3.1.PROOF.SERVICE**